2023 IL App (3d) 230434

Opinion filed December 8, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0434 Circuit No. 23-CF-1809 |
| ZACHARY J. KURZEJA, | ) ) ) | Honorable Michael W. Reidy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justice Hettel concurred in the judgment and opinion.

_____

**OPINION**

¶ 1       Defendant, Zachary J. Kurzeja, appeals the circuit court's granting of the State's petition to detain and the denial of his motion to remove the monetary condition of his bond, arguing the State (1) lacked statutory authority to move to revoke a previously set bond for a detained defendant, and (2) failed to prove by clear and convincing evidence that no conditions could mitigate any threat he posed. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3       On August 24, 2023, defendant was charged with disorderly conduct for transmitting a threat to a school building or persons (720 ILCS 5/26-1(a)(3.5) (West 2022)), a Class 4 felony.

The indictment alleged that defendant was overheard stating, "Hey man, if you hear that someone shot at principal at the head, don't look at me!" Defendant's bond was set at $250,000 on August 25, 2023. Additional conditions placed on defendant's bond included electronic home monitoring, no entry on the property of Glenbard North High School, and no contact with any teacher, employee, or student at the school. Defendant's bond was reduced to $100,000 on August 31, 2023, and defendant was required to complete a psychological evaluation. Defendant remained in custody.

¶ 4    On September 18, 2023, defendant filed a "Motion to Reopen Conditions of Pretrial Release" pursuant to sections 110-7.5(b) and 110-5(e) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-7.5(b), 110-5(e) (West 2022)). The motion sought to remove monetary bail as a condition of defendant's release. The State filed a verified petition to deny pretrial release, indicating that defendant was charged with a felony that involved the threat of great bodily harm and his release posed a threat to the safety of any person, persons, or the community. By way of proffer, it stated that on the day of the incident, defendant went to Glenbard North High School to find out why he could not enroll in classes. After a meeting with the school resource officer and the dean of students, defendant was upset and left the school. While in the school parking lot, defendant stated to a parent of another student, "hey man, if you hear that someone shot at principal at the head, don't look at me." Defendant then gave the parent a fist bump, reentered the school, and met with the resource officer, the dean of students, and the principal. The petition further stated that defendant was arrested for battery in Florida in 2021, but the case was dismissed.

¶ 5    The case proceeded to a hearing on the motion on September 20, 2023. Defense counsel argued that a search of defendant's home showed that he had no weapons, and a search of his cell phone likewise did not show any incriminating evidence. Counsel noted that defendant's parents

2

were divorced, and he had just moved back to Illinois once he turned 18 to live with his mother and try to finish school after living with his father in Florida for two years. The court granted the State's petition to detain, stating,

> "The Court has considered the evidence and the arguments of Counsel, the State's petition, and the presumption of pretrial release, the factors for conditions of pretrial release, the available conditions of pretrial release, whether the defendant has been charged with an eligible offense, *** circumstances as described in 110-6.1, why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community based upon these specific articulable facts of the case, and the burden of proof."

The court found that it was a detainable offense, and stated, "This is the type of conduct that is what is worrisome to or can be worrisome to the Court and to individuals with respect to them being placed on bond." The court then found that the proof was evident that defendant had committed the offense, and defendant posed a real and present threat to the safety of any person, persons, or the community. The court noted that defendant had threatened a school shooting by threatening both the principal and the school community as a whole. The court then stated,

> "The fourth factor is whether there are any conditions or combinations of conditions set forth in subsection (b) of Section 110-10 that can mitigate the real and present threat to the safety of any person or persons or the community based upon the specific articulable facts of the case. This defendant has previously been arrested for a crime of violence, a battery. Even though it was dismissed, in this Court's eyes, that shows a prior history indicative of violent or assaultive behavior.

The defendant's character and mental condition is another factor the Court can consider. In a previous pretrial bond report, it indicated the defendant's bipolar disorder in the past and he is not currently on his meds and that is of concern to the Court. I don't think just me saying to the defendant you have to take your meds—he didn't obviously comply with this requirement from a doctor before. Me telling him that I don't think is necessarily going to accomplish that by the fact that he hasn't done this in the past.

\*\*\*

But based upon all the foregoing, the Court believes that this is a detainable offense. The proof is evident and the presumption great that he does pose a real and present threat to the safety and there are no other conditions or combination of conditions set forth in the statute that would prevent this—that would mitigate, excuse me, the real and present threat to the safety of any other person or persons or the community. So the Court will detain the defendant and the Court finds that by clear and convincing evidence."

## II. ANALYSIS

On appeal, defendant argues the court should have denied the State's petition and granted his request to release him from the monetary condition of his bond. Specifically, defendant contends the State (1) was not permitted to move to revoke a previously set bond for a detained defendant, and (2) failed to prove by clear and convincing evidence that no conditions could mitigate any threat he posed. We consider each argument in turn.

### A. The State's Ability to File a Responsive Petition

4

¶ 9    Before reaching the merits, the State argues that defendant forfeited this issue by not raising this argument below.[1] We note that "forfeiture is a limitation on the parties and not the reviewing court, and we may overlook forfeiture where necessary to obtain a just result or maintain a sound body of precedent." *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65. These proceedings occurred within days of the implementation of Public Act 101-652, § 10-255 (eff. Jan. 1, 2023) (adding 725 ILCS 5/110-1.5) commonly known as the Pretrial Fairness Act (Act).[2] *Rowe v. Raoul*, 2023 IL 129248, ¶ 52. We find equity requires considering this argument. However, we limit this to the case before us and take no position on forfeiture in future cases.

¶ 10    We consider *de novo* issues of statutory construction. *People v. Taylor*, 2023 IL 128316, ¶ 45. "The statute should be evaluated as a whole, with each provision construed in connection with every other section. When the statutory language is clear, we must apply the statute as written without resort to other tools of construction." *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 48. Thus, we give the language of statute its plain and ordinary meaning and seek to give effect to the intention of the legislature. *People v. Kastman*, 2022 IL 127681, ¶ 30.

¶ 11    The requirement of posting monetary bail has been abolished in Illinois, beginning on September 18, 2023. See 725 ILCS 5/110-1.5 (West 2022); *Rowe*, 2023 IL 129248, ¶ 52. Now, "[a]ll persons charged with an offense shall be eligible for pretrial release before conviction." 725 ILCS 5/110-2(a) (West 2022). Pretrial release may only be denied in certain situations. *Id.* § 110-6.1. The State must file a verified petition requesting the denial of pretrial release and has the burden to prove by clear and convincing evidence that (1) defendant has committed a qualifying

---

[1]Defendant filed a motion for leave to file a reply brief *instanter*. Based on our resolution, we find that consideration of defendant's reply is not necessary and deny the motion.

[2]The Act has also sometimes been referred to in the press as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act.

offense, (2) defendant's pretrial release poses either (a) a real and present threat to the safety of any person or the community or (b) a flight risk; and (3) no less restrictive conditions exist to mitigate this threat to safety or risk of flight. *Id.* § 110-6.1(e).

¶ 12 Section 110-6.1(c)(1) provides that the State may file its petition at the first appearance before a judge without notice to defendant or within 21 days after arrest and release with reasonable notice to defendant. *Id.* § 110-6.1(c)(1). However, in this case, defendant was arrested and bond was set before implementation of the Act. The State did not file its petition within the timing requirements in section 110-6.1, but instead as a response to defendant's motion to modify pretrial conditions. Defendant argues that, because of this, the State's petition was untimely and should not have been allowed.

¶ 13 Section 110-7.5 of the Code states, "On or after January 1, 2023, any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5." *Id.* § 110-7.5(b). Section 110-5(e) provides:

> "If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. If the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release. The inability of the defendant

6

to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." *Id.* § 110-5(e).

Section 110-6 of the Code provides for the revocation or modification of pretrial release conditions, stating, *inter alia*, "The court may, at any time, after motion by either party or on its own motion, remove previously set conditions of pretrial release, subject to the provisions in this subsection. The court may only add or increase conditions of pretrial release at a hearing under this Section." *Id.* § 110-6(g). "Nothing in this Section shall be construed to limit the State's ability to file a verified petition seeking denial of pretrial release under subsection (a) of Section 110-6.1 ***." *Id.* § 110-6(i).

¶ 14        Based on our reading of the statute, defendants who were arrested prior to the implementation of the Act can either "elect to stay in detention until such time as the previously set monetary security may be paid" (*People v. Rios*, 2023 IL App (5th) 230724, ¶ 16), or file a motion to modify. If defendant chooses the latter option, the State may file a responding petition. "[O]nce a defendant elects 'to have their pretrial conditions reviewed anew' (*Rios*, 2023 IL App (5th) 230724, ¶ 16), the matter returns to the proverbial square one, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments." *People v. Jones*, 2023 IL App (4th) 230837, ¶ 23. "This is analogous to when a change in the sentencing law occurs after a defendant has committed the offense—the defendant is given the opportunity to choose to be sentenced under that law that existed at the time of the offense or the newly enacted law." *Rios*, 2023 IL App (5th) 230724, ¶ 17.

¶ 15        As stated in *Jones*, 2023 IL App (4th) 230837, ¶ 17,

"[T]he [statute] does not require the State to file all its petitions within 21 days of a case's commencement. Section 110-6(g) allows for the increase of pretrial release conditions after a hearing. 725 ILCS 5/110-6(g) (West 2022). For defendants arrested and detained before the Act's effective date who remained in detention after being granted pretrial release on the condition that they pay monetary bail, a motion to deny pretrial release following the Act's implementation operates as a motion to increase the pretrial release conditions to the furthest extent. The Code, as amended by the Act, allows the State to seek to modify pretrial release conditions, which includes filing a responding petition where the defendant moves for pretrial release. See 725 ILCS 5/110-6(g), (i), 110-6.1(a) (West 2022); see also *In re D.W.*, 214 Ill. 2d 289, 316 *** (2005) (finding it is 'a fundamental requirement of due process *** that a respondent be afforded the opportunity to be heard at a meaningful time and in a meaningful manner'); *LaChance v. Erickson*, 522 U.S. 262, 266 (1998) ('The core of due process is the right to notice and a meaningful opportunity to be heard.')."

Thus, the State is permitted to file a responsive petition in a situation such as this, and there was no error in their doing so in this case.

¶ 16                          B. Lack of Conditions to Mitigate Threat

¶ 17         When reviewing a pretrial detention decision, we apply an abuse of discretion standard. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. We will only find an abuse of discretion where the decision is arbitrary, fanciful, unreasonable, or no reasonable person would agree with the decision. *Id.* ¶ 10. We will not substitute our judgment for that of the circuit court regarding the weight of the evidence or factors. *Id.* ¶ 11.

¶ 18 Here, defendant was charged with disorderly conduct for transmitting a threat to a school building or persons, which is a detainable offense. See 725 ILCS 5/110-6.1(a)(1.5) (West 2022). Sections 110-6.1(g) and 110-5(a) set forth the factors the court should consider when determining whether a defendant poses a real and present threat to the safety of any person, persons, or the community based on the facts of the case and what conditions, if any, would mitigate a defendant's threat to the community. *Id.* § 110-5(a), 110-6.1(g).

¶ 19 We construe defendant's argument as an invitation to reweigh the factors and evidence presented, which we will not do. See *People v. Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 15. The court clearly considered these factors when reaching its decision. The court noted that it considered all the evidence before it. It stated that defendant's conduct in threatening the principal was particularly "worrisome" and noted the seriousness of school shootings. It further discussed defendant's previous battery arrest, stating that it considered it indicative of violent behavior even if the charge was ultimately dismissed. The court also noted that a previous report stated that defendant had bipolar disorder but was not taking his medication.[3] The court took issue with defendant's failure to comply with this directive. In light of these factors, we cannot say that the court's decision was arbitrary, fanciful, or unreasonable. Moreover, the court complied with the statute by making all the requisite findings. Therefore, the court did not abuse its discretion in granting the State's petition for pretrial detention.

¶ 20                                          III. CONCLUSION

¶ 21 The judgment of the circuit court of Du Page County is affirmed.

---

[3]Defendant takes issue with the court's consideration of this, noting that "it is not even clear that the court had some basis for its claim that [defendant] had refused to take medication." However, this report is not included in the record. Defendant has the burden of presenting a complete record, and any doubts that arise from the incompleteness of the record are resolved against him. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 22　　　　Affirmed.