2023 IL App (2d) 230347-U
No. 2-23-0347
Order filed December 19, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22-CF-970 |
| TED V. TRAN, | ) ) ) | Honorable Tiffany Davis, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court did not err in granting the State's petition to deny pretrial release and ordering defendant detained.

¶ 2   Defendant, Ted V. Tran, appeals the September 29, 2023, order of the circuit court of McHenry County granting the State's petition to deny pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)) and ordering him detained. Defendant argues that the State lacked the statutory authority to file a petition to deny pretrial release where, as here, he had been ordered released on cash bond prior to the effective date of the pretrial release provisions of article 110 of the Code, but remained in custody.

Alternatively, defendant argues the court erred in finding the State proved by clear and convincing evidence that he posed a flight risk. For the reasons set forth below, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On November 29, 2022, defendant was charged by complaint in the circuit court of McHenry County with three offenses related to a report of a vehicle stolen from a Hyundai service center in Algonquin. Defendant's bail was set at $100,000 (10% to apply). The Winnebago County Sheriff's Department arrested defendant on July 25, 2023.

¶ 5      A pretrial services bond report (Report) was filed on July 26, 2023. The Report detailed that defendant was born in Illinois on December 17, 1987, is single, and has resided with his father in the same residence in Rockford for 35 years. The Report noted that defendant attended some college, was unemployed, had a history of drug abuse (methamphetamines), and had failed to appear for prior court appearances. The Report further documented that defendant had dispositions for several offenses, including drug possession and aggravated fleeing a police officer. The Report also reflected that defendant was on probation at the time the offenses at issue here were allegedly committed. On the same date the Report was filed, a bail determination order was entered, which scheduled the cause for a further bond hearing. On July 28, 2023, the trial court held a preliminary hearing, reduced defendant's bond to $50,000 (10% to apply), and included as a bond condition that defendant "not consume alcohol, THC, or illegal substances" and that he "must submit to random urine screens at the direction of court services."

¶ 6      A bill of indictment was filed on August 10, 2023, charging defendant with: (1) one count of burglary (720 ILCS 5/19-1(a) (West 2022)), a class 2 felony; (2) one count of unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2022)), a class 2 felony; and (3) one count of theft (over $500) (720 ILCS 5/16-1(a)(1)(A) (West 2022)), a class 3 felony.

Defendant was arraigned on August 18, 2023. His bond remained at $50,000. Defendant did not post bond and remained incarcerated in the McHenry County Jail. The pretrial release provisions of article 110 of the Code became effective on September 18, 2023, after they were upheld as constitutional by the Illinois Supreme Court. *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

¶ 7      On September 21, 2023, defendant filed a "Motion for Hearing for Release on Conditions" (Motion). Relying on section 110-7.5(b) of the Code (725 ILCS 5/110-7.5(b) (West 2022)), defendant argued that he was "entitled to a hearing and release from custody with any conditions this Court sees fit pursuant to 725 ILCS 5/110-5." Defendant's Motion was scheduled for a hearing on September 29, 2023.

¶ 8      On the day set for the hearing on defendant's Motion, the State filed a "Verified Petition to Deny Pretrial Release" (Petition). The State urged the court to deny defendant pretrial release pursuant to section 110-6.1(a) of the Code (725 ILCS 5/110-6.1(a) (West 2022)). The State argued that: (1) the charges in defendant's case are detainable offenses pursuant to section 110-6.1(a)(8)(B) of the Code (725 ILCS 5/110-6.1(a)(8)(B) (West 2022)) because "defendant is charged with a class 3 felony or greater and [he] has a high likelihood of willful flight to avoid prosecution"; (2) the proof is evident or the presumption great that defendant committed the charged offenses; and (3) no condition or combination of conditions set forth in section 110-10(b) of the Code (725 ILCS 5/110-10(b) (West 2022)) can mitigate the likelihood of willful flight.

¶ 9      At the September 29, 2023, hearing, the State provided the following factual basis in support of its Petition. Late in October 2022, police officers were dispatched to a Hyundai service center in Algonquin, McHenry County. Employees notified the officers that the facility had been broken into earlier that week. The employees showed the officers a surveillance video depicting

an individual forcing open an exterior lockbox to secure a key which the individual then used to enter the facility. The individual is seen taking various items from work stations, including key fobs for vehicles stored on the facility's lot. The video then depicts the individual leaving the facility and moving off camera. A vehicle was reported stolen from the facility. Defendant was apprehended by the Rockford Police Department driving the stolen vehicle. Defendant matched the description of the individual seen on the surveillance video. Officers interviewed defendant on multiple occasions, and, over the course of those interviews, defendant admitted that he is the individual depicted in the surveillance video. In argument, the State acknowledged that the offenses with which defendant was charged "are not technically detainable offenses" because defendant did not use force against an individual in committing a burglary. However, the State asserted that defendant "does pose a real flight risk" based on his criminal history as reflected in the Report, which indicates that defendant had "multiple dispositions [and] multiple convictions for the offense of aggravated fleeing." Beyond that, the State noted that defendant is not a resident of McHenry County. Rather, he is a resident of and was arrested in Rockford. The State argued "not only does [defendant] lack sufficient ties to this community to ensure future court dates, he has a history of running from the law, running from authority, and we believe that that risk [of flight] is present, especially here when facing evidence as strong as what the defendant in this case is facing."

¶ 10 In response, defense counsel admitted that defendant resides in Rockford. He asserted that defendant's parents or uncle could transport defendant to and from court or defendant could appear over the Zoom video platform. Regarding the fleeing offenses, defense counsel asserted that he did not "see much in warrants being issued [or] bond forfeitures." Defense counsel added that it was his understanding that, in the present case, "it was [defendant] who turned himself in to the

authorities on the warrant from McHenry County." Defense counsel further asserted that defendant did not have a history of violent offenses and that defendant does not pose a threat to the community because the offenses in the present case were not violent. Defense counsel acknowledged that defendant has an issue with drugs, especially methamphetamines. He believed, however, that there were less restrictive conditions, "such as a substance abuse evaluation, following through with any recommendations *** [and] GPS monitoring or electronic monitoring so we know [defendant's] whereabouts." Defense counsel requested that the court deny the State's Petition and release defendant "under whatever conditions the Court deems appropriate."

¶ 11    Following the parties' arguments, the trial court granted the State's Petition and ordered defendant detained pending trial. The court determined that the State had proven by clear and convincing evidence that the proof was evident or the presumption great that defendant "committed a felony offense other than a Class 4 felony." The court further determined that the State proved by clear and convincing evidence that defendant "posed a real and present threat of willful flight," explaining as follows:

> "[Defendant] was apprehended driving the stolen vehicle not in McHenry County where it was stolen from[, but rather] *** [i]n Rockford, which is in Winnebago County, Illinois. Defendant is a flight risk also based upon the nature of the fact that on July 27, 2019, he was arrested and it looks like convicted of aggravated fleeing a police officer. And also charged with [aggravated fleeing a police officer] again April 4, 2022, in Loves Park, which would also be in Winnebago County, State of Illinois."

The court also observed that defendant was on probation at the time the offenses at issue were committed. Finally, the court concluded that no condition or combination of conditions could mitigate the risk of defendant's willful flight. In support of this latter finding, the court noted that

defendant had "prior missed court dates *** for failing to appear in court as required." The trial court entered a written order in accordance with its oral pronouncement.

¶ 12    On October 4, 2023, defendant filed *pro se* a notice of appeal. A public defender appointed to represent defendant on appeal filed a second notice of appeal on October 10, 2023. That notice of appeal uses the standardized form from the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Sept. 18, 2023). The October 10, 2023, notice of appeal specifies that defendant is appealing the trial court's order of September 29, 2023. In the section of the notice of appeal dedicated to designating the nature of the order appealed, appellate counsel checked the box labeled "[d]enying pretrial release." The relief requested was specified as "[r]elease on conditions." The form then lists several potential grounds for appellate relief, provides space for an explanation of the grounds, and instructs the appellant to "check all that apply and describe in detail." Appellate counsel checked four different boxes. First, appellate counsel checked a box stating that "[t]he State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged." No further explanation was provided. Second, appellate counsel checked a box stating that "[t]he State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case." Again, no further explanation was provided. Third, appellate counsel checked a box stating "[t]he State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight." Appellate counsel explained, "[t]he State failed to show GPS or electronic monitoring were not less restrictive

alternatives." Finally, appellate counsel checked a box stating, "[t]he court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." Appellate counsel explained, "[t]he State failed to show that the Defendant would not be able to appear in court or remotely on Zoom."

¶ 13                                    II. ANALYSIS

¶ 14    This appeal is brought pursuant to the pretrial release provisions of Public Acts 101-652 and 102-1104 (see Pub. Act 101-652, § 10-255 (eff. Jan. 1, 2023) and Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023)), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] The Act is codified, as amended, in article 110 of the Code. 725 ILCS 5/art. 110 (West 2022). As noted above, the Act became effective on September 18, 2023, after it was upheld as constitutional by the Illinois Supreme Court. *Rowe*, 2023 IL 129248, ¶ 52. This court has jurisdiction pursuant to article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023).

¶ 15            A. Plain Error and Ineffective Assistance of Counsel

¶ 16    Defendant argues that since he had been ordered released on cash bond prior to the effective date of the Act, the State lacked the statutory authority to file a petition to deny pretrial release and the trial court erred in detaining him. Defendant acknowledges that this issue was not raised in the

---

[1] The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither of those names is official, as neither appears in the Illinois Compiled Statutes or the public acts. *Rowe*, 2023 IL 129248, ¶ 4 n.1.

trial court, but argues that this issue may be reviewed under the plain-error doctrine or on the basis that his trial attorney was ineffective for not moving to strike the State's Petition. We disagree.

¶ 17    When a defendant has failed to preserve an error for appeal, a reviewing court may review the issue for plain error. *People v. Bush*, 2023 IL 128747, ¶ 71; Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1970). Plain error review is appropriate when a clear or obvious error occurs and (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error" or (2) the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *Bush*, 2023 IL 128747, ¶ 71. Under either prong of the plain-error doctrine, the first step is to determine whether a clear or obvious error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). "Plain-error review is reserved for errors that are clear or obvious based on law that 'is well settled at the time of trial[.]' " *People v. Williams*, 2015 IL App (2d) 130585, ¶ 11 (quoting *People v. Downs*, 2014 IL App (2d) 121156, ¶ 20).

¶ 18    In *People v. Martin*, 2023 IL App (4th) 230826, the fourth district recently considered the applicability of plain-error review to an appeal under facts comparable to those present here. In *Martin*, as in the present case, the defendant failed to post the required bond and remained in custody. The defendant subsequently filed a motion for hearing for release on conditions. Six days later, the State filed a petition to deny pretrial release. Following a hearing on September 18, 2023, the effective date of the Act, the trial court denied pretrial release. The defendant argued in his memorandum on appeal, but not in the trial court or in his notice of appeal, that the State lacked authority under the Act to file a petition to deny him pretrial release. *Martin*, 2023 IL App (4th) 230826, ¶ 16. Similar to the present case, the defendant in *Martin* argued that the issue was reviewable under the plain-error doctrine or on the grounds that defense counsel was ineffective

for not moving to strike the State's petition or include the issues in his notice of appeal. *Martin*, 2023 IL App (4th) 230826, ¶ 16. The *Martin* court rejected the defendant's plain-error argument, concluding that even if the State's petition to deny him pretrial release was improper, that fact was neither clear nor obvious on the day of the detention hearing, which was held on September 18, 2023, the first day the Act went into effect. *Martin*, 2023 IL App (4th) 230826, ¶ 17. The court further explained:

> "For that matter, it was not obvious that defendant could respond by moving to strike the petition or that the trial court had the authority to grant such a motion, as defendant now assumes. The purpose of requiring defendants to raise these matters with the trial court is to allow for proper development of legal precedent regarding a brand-new statute. Because plain-error review applies only to unpreserved errors based on settled precedent, we will not consider these arguments under the plain error doctrine." *Martin*, 2023 IL App (4th) 230826, ¶ 17.

¶ 19    We agree with the *Martin* court's rationale and conclude that this issue is not reviewable under the plain-error doctrine. The detention hearing in this case was held on September 29, 2023, just 11 days after the Act went into effect. At that time, it was neither clear nor obvious under the law whether the State could file a verified petition to deny defendant pretrial release in response to a defendant's motion for hearing for release on conditions, whether a defendant could respond by moving to strike the State's petition, or whether the trial court had the authority to grant a motion to strike. Because we conclude that any error relating to the State's authority to file the Petition at issue was not clear or obvious at the time of the detention hearing, this issue is not reviewable under the plain-error doctrine.

¶ 20    Likewise, we conclude that defendant has not established that his trial attorney was ineffective for failing to move to strike the State's Petition. An ineffective assistance of counsel claim requires a defendant to demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice. *People v. Lewis*, 2022 IL 126705, ¶ 44; *People v. Currie*, 2023 IL App (2d) 220114, ¶ 49. To show prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *People v. Moore*, 2020 IL 124538, ¶ 42; *People v. Marcus*, 2023 IL App (2d) 220096, ¶ 61. Here, defendant has failed to show that a reasonable probability exists that the result of the proceeding would have been different if counsel had moved to strike the State's Petition because it is not clear that the State's Petition was improper where it was filed in response to defendant's Motion. See *People v. Kurzeja*, 2023 IL App (3d) 230434, ¶ 14 (holding that if a defendant who was arrested prior to the implementation of the Act and remains in detention elects to file a motion to modify the conditions of pretrial release, the State may file a responding petition). Thus, we conclude that defendant is unable to establish that his attorney's performance was unreasonable or that he suffered prejudice as a result.

¶ 21                    B. Denial of Pretrial Release

¶ 22    Alternatively, defendant argues the court erred in finding the State proved by clear and convincing evidence that he was a flight risk.

¶ 23    The Act amended the Code by abolishing traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Pretrial release is governed by article 110 of the Code as amended by the Act. 725 ILCS 5/110-1 *et seq.* (West 2022). Under the Code, as amended, a

defendant's pretrial release may only be denied in certain statutorily limited situations (qualifying offenses). 725 ILCS 5/110-2(a), 110-6.1 (West 2022). For most of the qualifying offenses, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (725 ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2022)) or a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8), (e)(3) (West 2022)), and that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or the defendant's willful flight from prosecution (725 ILCS 5/110-6.1(e)(3) (West 2022)).

¶ 24    Our standard of review is twofold. We review under the manifest-weight-of-the-evidence standard the trial court's factual findings regarding whether the State presented clear and convincing evidence that mandatory conditions of release would fail to protect any person or the community, that the defendant has a high likelihood of willful flight to avoid prosecution, or that the defendant failed to comply with previously issued conditions of pretrial release thereby requiring a modification or revocation of the previously issued conditions of pretrial release. See *In re C.N.*, 196 Ill. 2d 181, 208 (2001) (applying a similar standard of review for the requirement of clear and convincing evidence by the State in termination-of-parental-rights proceeding). A finding is against the manifest weight of the evidence only where the opposite conclusion is clearly apparent or if the finding is unreasonable, arbitrary, or not based on the evidence presented. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. We review the trial court's ultimate determination regarding pretrial release for an abuse of discretion. See *People v. Simmons*, 2019 IL App (1st)

191253, ¶ 9 (applying abuse-of-discretion standard in reviewing ruling denying the defendant's motion for bail pending trial under Illinois Supreme Court Rule 604(c)(1) (eff. July 1, 2017)). An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 25    As noted, a defendant's pretrial release may only be denied where the State has proven by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community or a high likelihood of willful flight to avoid prosecution, and that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or the risk of defendant's willful flight from prosecution. In his memorandum on appeal, defendant does not argue that the State failed to meet its burden of proof with respect to the first (qualifying offense) or third (less restrictive conditions) prongs. As such, he has forfeited any such claim on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (requiring the appellant's brief to "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on" and providing that "[p]oints not argued are forfeited"); *PML Development LLC v. Village of Hawthorn Woods*, 2023 IL 128770, ¶ 48 n.2; see also *People v. Gray*, 2023 IL App (3d) 230435, ¶ 16 (applying Rule 341(h)(7) to appeal under the Act and finding forfeiture); but see *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 12-13 (holding that, "[a]s a matter of practicality," Rule 341 cannot govern briefing requirements for appeals under the Act, but recognizing that the principles producing Rule 341, *i.e.*, coherent argument and analysis supported by proper record citation and legal authorities, should not be ignored). And while defendant does argue in his memorandum in

support of this appeal that the trial court erred in finding the State proved by clear and convincing evidence that he was a flight risk, he fails to develop this argument, thereby resulting in forfeiture. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *In re Marriage of Woodrum*, 2018 IL App (3d) 170369, ¶ 63 (noting that the failure to develop argument on appeal results in forfeiture under Rule 341(h)(7)).

¶ 26   Forfeiture aside, defendant's argument that the State failed to prove by clear and convincing evidence that he was a flight risk is unavailing. The Act defines "willful flight" as "intentional conduct with a purpose to thwart the judicial process to avoid prosecution." 725 ILCS 5/110-1(f) (West 2022). "Isolated instances of nonappearance in court alone are not evidence of the risk of willful flight," but "[r]eoccurrence and patterns of intentional conduct to evade prosecution, along with any affirmative steps to communicate or remedy any such missed court date, may be considered as factors in assessing future intent to evade prosecution." 725 ILCS 5/110-1(f) (West 2022). Here, the trial court observed that defendant was apprehended outside of the county from which he allegedly committed the offenses, the Report reflects multiple arrests for and convictions of aggravated fleeing a police officer, defendant was on probation at the time the offenses at issue were committed, and the Report reflects that defendant had failed to appear for prior court appearances. Based on the foregoing, the trial court could reasonably conclude that defendant's prior conduct consisted of more than just "isolated instances of nonappearance in court" where he not only failed to appear for prior court appearances, but also actively fled from law enforcement on more than one occasion and was apprehended for the offenses at issue in another county. Hence, we cannot say that the trial court's factual finding on willful flight was against the manifest weight of the evidence.

¶ 27    Likewise, we are not convinced that the trial court's rulings on the first and third prongs constituted error. Regarding the qualifying-offense element, the State proceeded under section 110-6.1(a)(8)(B) of the Code (725 ILCS 5/110-6.1(a)(8)(B) (West 2022)). Pursuant to that provision, pretrial release may be denied if "the person has a high likelihood of willful flight to avoid prosecution and is charged with *** [a] felony other than a Class 4 offense." 725 ILCS 5/110-6.1(a)(8)(B) (West 2022). The factual basis provided by the State at the detention hearing showed that a person matching defendant's description was seen on a surveillance video forcing open an exterior lockbox to secure a key which the individual used to enter the service center of a car dealership. The individual is then seen taking various items from work stations, including key fobs for vehicles stored on the facility's lot. Defendant was apprehended driving a vehicle stolen from the facility. After being interviewed by the police, defendant admitted that he is the individual depicted in the surveillance video. Based on this evidence, defendant was indicted on one count of burglary (720 ILCS 5/19-1(a) (West 2022)), one count of unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2022)), and one count of theft (over $500) (725 ILCS 5/16-1(a)(1)(A) (West 2022)). As charged, the burglary and unlawful-possession-of-a-stolen-motor-vehicle counts are class 2 felonies (720 ILCS 5/19-1(b) (West 2022); 625 ILCS 5/4-103(b) (West 2022)), while the theft count is a class 3 felony (720 ILCS 5/16-1(b)(4) (West 2022)). Thus, defendant was "charged with *** [a] felony other than a Class 4 offense." 725 ILCS 5/110-6.1(a)(8)(B) (West 2022). Indeed, the court determined that the State had proven by clear and convincing evidence that the proof was evident or the presumption great that defendant "committed a felony offense other than a Class 4 felony." Based on the evidence of record, the trial court's factual finding was not against the manifest weight of the evidence. Moreover, as

noted in the previous paragraph, the court's factual finding on willful flight was not against the manifest weight of the evidence.

¶ 28    With respect to the conditions-of-release prong, the Act provides that if the trial court finds that the State proved the defendant is likely to flee to avoid prosecution, it must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2022). In reaching its determination, the trial court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant,[2] (4) the nature and seriousness of the real and present threat to the safety of any person or the community that would be posed by the defendant's release, and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). The statute lists no singular factor as dispositive. See 725 ILCS 5/110-5(a) (West 2022). Further, under section 110-6.1(h)(1) of the Code (725 ILCS 5/110-6.1(h)(1) (West 2022)), the trial court shall, in any order for detention, make a written

---

[2] The history and characteristics of the defendant include: "[T]he defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings" as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for any offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A)-(B) (West 2022).

finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not prevent the defendant's willful flight from prosecution.

¶ 29    In his notice of appeal, defendant claims that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate his willful flight, explaining that "[t]he State failed to show GPS or electronic monitoring were not less restrictive alternatives." Defendant also claims in his notice of appeal that the trial court erred in its determination that no condition or combination of conditions would reasonably ensure his appearance at later hearings, explaining that "[t]he State failed to show that [he] would not be able to appear in Court or remotely on Zoom." We find defendant's arguments unpersuasive.

¶ 30    The record reflects that defendant lacks ties to the McHenry County community, has a history of fleeing police and committing drug offenses, has failed to appear for prior court appearances, and was on probation at the time he committed the offenses at issue. In its oral ruling, the trial court expressly noted these facts. The court reiterated these findings in its written order, stating that it had considered defendant's "prior arrests and convictions of Aggravated Fleeing and Eluding and possession of methamphetamine for which defendant was on probation *** at the alleged time of the commission of these offenses" as well as "the fact that defendant was apprehended in Rockford, Winnebago County, IL outside McHenry County for this offense which occurred in Algonquin, McHenry County, IL." The court further noted that it had considered the bill of indictment returned on August 10, 2023, the nature and circumstances of the offense, and the character and history of defendant. Considering this record, the trial court could have reasonably concluded that GPS or electronic monitoring would not have prevented defendant's willful flight or compelled him to appear in court or remotely via Zoom. Hence, we cannot say

that the trial court's finding that the State had proven by clear and convincing evidence that no condition or combination of conditions can mitigate defendant's willful flight was against the manifest weight of the evidence.

¶ 31    In short, based upon the trial court's factual findings, we conclude that its order denying pretrial release did not constitute an abuse of discretion.

¶ 32                            III. CONCLUSION

¶ 33    For the reasons set forth above, we affirm the judgment of the circuit court of McHenry County.

¶ 34    Affirmed.