**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240054-U

Order filed May 2, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0054 Circuit No. 22-CF-734 |
| | ) | |
| ANTONIO J. PAIGE, | ) ) | Honorable William S. Dickenson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justice Hettel concurred in the judgment.
Presiding Justice McDade dissented.

_____

**ORDER**

¶ 1     *Held*:  The State's petition to deny pretrial release was timely. The court did not abuse its discretion by granting the State's petition. Defendant forfeited his argument that the State failed to provide him with his criminal background prior to the detention hearing.

¶ 2     Defendant, Antonio J. Paige, was indicted on December 2, 2022, with aggravated criminal sexual assault (Class X) (720 ILCS 5/11-1.3(a)(2) (West 2020)) and criminal sexual assault (Class 1) (*id.* § 11-1.20(a)(3)). Defendant's bail was set at $500,000, but he remained in custody. On

December 12, 2023, defendant filed a motion seeking pretrial release. However, on December 19, 2023, defendant withdrew his motion. He then refiled on January 5, 2024. In response, the State filed a verified petition to deny pretrial release on January 10, 2024, alleging defendant was charged with a forcible felony, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1.5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1.5) (West 2022)).

¶ 3        A hearing was held on January 10, 2024. Defense counsel objected to the State's petition as untimely. Counsel argued that defendant was not a danger to the community or the victim in this case, as there was an order of protection that he had not tried to violate. Counsel further indicated that defendant could be placed on GPS monitoring, which he had not been on before.

¶ 4        The State provided the factual basis as follows: Defendant was convicted of armed robbery in 2004 and 2007. He was released from the Department of Corrections on May 15, 2020. Shortly thereafter, he was given custody of his daughter, who was 16 or 17 years old at the time. He then had intercourse with her on at least 10 occasions and did not always use protection. She then became pregnant. He told her that if she was going to have the baby, she would not be allowed to see anyone other than him. She decided to have an abortion. A paternity test was conducted at the Illinois State Police crime lab, which indicated with 99.9999% likelihood that defendant was the father. Defendant was arrested on multiple other charges in 2022, and his parole was revoked. The State indicated that defendant was a danger to his daughter and the public. It noted that he had been arrested for selling drugs, destroying evidence, and possessing cocaine.

¶ 5        The court granted the petition, finding that the State met its burden by clear and convincing evidence. In doing so, the court indicated that defendant was on parole but "continued to pick up cases," which included a charge for possession of a weapon by a felon. The court stated, "that

2

would indicate to this Court that the defendant is not likely to be able to comply with all conditions of pretrial release." The court indicated that defendant was a danger to the victim in this case and considered the factors for the dangerousness standard. The court also found that there were no conditions that would ensure defendant's appearance, the safety of others, and the likelihood of compliance.

¶ 6        On appeal, defendant argues (1) the State's petition was untimely and it had no authority to detain him, (2) he was not a threat and there were conditions that could be imposed, and (3) the State did not provide defendant with his criminal background prior to the hearing. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

¶ 7        Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(a), (e). Sections 110-5(a) and 110-6.1(g) set forth factors for the court to consider when determining dangerousness and any conditions. *Id.* §§ 110-5(a), 110-6.1(g).

¶ 8        First, we have already considered the issue of the State's timeliness in *People v. Kurzeja*, 2023 IL App (3d) 230434, ¶¶ 14-15. In *Kurzeja*, we stated that defendants who were arrested prior to the implementation of bail reform

> "can either 'elect to stay in detention until such time as the previously set monetary security may be paid' (*People v. Rios*, 2023 IL App (5th) 230724, ¶ 16), or file a motion to modify. If defendant chooses the latter option, the State may file a responding petition. '[O]nce a defendant elects "to have their pretrial conditions reviewed anew" (*Rios*, 2023 IL App (5th) 230724, ¶ 16), the matter returns to the proverbial square one, where the defendant may argue for the most lenient pretrial release conditions, and the State may make competing arguments.' *People v. Jones*, 2023 IL App (4th) 230837, ¶ 23. 'This is analogous to when a change in the sentencing law occurs after a defendant has committed the offense—the defendant is given the opportunity to choose to be sentenced under that law that existed at the time of the offense or the newly enacted law.' *Rios*, 2023 IL App (5th) 230724, ¶ 17." *Kurzeja*, 2023 IL App (3d) 230434, ¶ 14.

Based on this we found that the State was permitted to file a responsive petition if defendant chose to file a motion to reopen the conditions of release. *Id.* ¶ 15. We adopt this reasoning, here, and hold that the State was permitted to file a petition to detain in response to defendant's motion seeking pretrial release. We note that defendant argues that the State needed to file its petition within 21 days of his December 19th motion. See 725 ILCS 5/110-6.1(c)(1) (West 2022) However, defendant withdrew this motion and did not file again until January 5, 2024. Therefore, when the State filed its petition on January 10, 2024, it was timely filed.

4

¶ 9        Second, we cannot say that the court abused its discretion in granting the State's petition. Defendant committed this offense and others while on parole for armed robbery, thus showing he was dangerous. Moreover, the State presented evidence and argument regarding the factors in section 110-5(a), including the nature and circumstance of the offense and the history and characteristics of defendant. *Id.* The court further found that no conditions, including GPS monitoring, would mitigate the threat defendant posed. Based on the evidence and argument presented, it was not against the manifest weight of the evidence for the court to determine that the defendant was thus unlikely to comply with any conditions of pretrial release. Therefore, the court did not abuse its discretion in granting the State's petition.

¶ 10       Third, defendant argues, "The [S]tate did not provide the defense with the criminal background of [defendant] prior to the hearing." This one sentence amounts to defendant's entire argument on the issue. Moreover, defendant did not bring this alleged error to the attention of the circuit court and has, thus, forfeited it. As the court said in *People v. Davis*, 2023 IL App (1st) 231856, ¶ 39,

> "[D]efendant's counsel may not stand mutely by, participate in the hearing without objection, and then complain of error on appeal. Counsel did not object to the State's proffer of defendant's criminal history at the beginning of the detention hearing. Counsel likewise failed to object at any of the multiple times the trial court mentioned defendant's criminal history in its ruling. Although the trial court did not ask whether the State tendered copies to the defendant, nothing prevented defense counsel from raising an objection at any of the multiple opportunities it had to do so. The proper time to object would have been at the hearing, to give the trial judge a chance to pass the case and allow the State to easily remedy the alleged

problem. Based on the circumstances of this case, we find that defendant acquiesced to the State's proffer of his criminal history[.] [Citations omitted.]"

¶ 11    The judgment of the circuit court of Kankakee County is affirmed.

¶ 12    Affirmed.

¶ 13    PRESIDING JUSTICE McDADE, dissenting:

¶ 14    I agree with the majority's findings that the State's verified petition to deny pretrial release was timely and that defendant forfeited his argument that the State did not provide him with his criminal background prior to the detention hearing. However, I disagree with the majority's findings that the State satisfied the requirements under subsections 110-6.1(e)(2) and 110-6.1(e)(3) of the statute, and respectfully dissent from the majority's decision to affirm the circuit court's order granting the State's verified petition to deny pretrial release.

¶ 15    As the majority recites, section 110-6.1(e) of the Code of Criminal Procedure of 1963 states that "[a]ll defendants shall be presumed eligible for pretrial release. . . ." 725 ILCS 5/110-6.1(e) (West 2022). To rebut this presumption, the State must prove the following three elements, by clear and convincing evidence: (1) that the proof is evident or the presumption great that the defendant has committed a detainable offense; (2) that the defendant poses a real and present threat to the safety of any person, persons, or the community; and (3) that no conditions can mitigate this threat. *Id.*

¶ 16    The majority bases its determination of dangerousness, relevant to the second of the above elements, on the fact that defendant committed the charged offenses and others while on parole for armed robbery. However, defendant's prior convictions for armed robbery occurred back in 2004 and 2007, at least 17 years ago. As to the charged offenses in this case, they are alleged to have occurred between July 1, 2020 and October 31, 2021, which was over two years ago, and the State

6

presented no evidence that defendant has so much as attempted to contact his daughter, with whom he no longer lives, who is protected by a restraining order against defendant, and who has since relocated to a different county.

¶ 17 Furthermore, although defendant was arrested for other offenses following the charges in this case, these offenses were possession of a controlled substance, unlawful possession of a controlled substance with intent to deliver, and obstruction of justice by destroying evidence. None of these offenses are inherently violent in nature. Nor is there sufficient indication that defendant posed, or continues to pose, a real and present threat to any person, persons, or the community, related to the commission of the offenses. For these reasons, I find that the State did not meet its burden under subsection 110-6.1(e)(2) of the statute.

¶ 18 Relevant to subsection 110-6.1(e)(3), the State's verified petition to deny pretrial release is devoid of any mention of mitigating conditions, or of the argument that no mitigating conditions exist. It does not even acknowledge that conditions form an element when setting out its burden of proof. Nor did the State did mention or argue the same during the detention hearing. Under these circumstances, it cannot be said that the State met its burden of proof as to the element pertaining to mitigating conditions. See Black's Law Dictionary 190 (7th ed. 1999) (explaining that a party's burden of proof includes the burden of persuasion, which is the duty to convince the fact-finder to view the facts in a way favorable to that party). Consequently, I would reverse the circuit court's judgment as an abuse of discretion.

7