2023 IL App (2d) 230344
No. 2-23-0344
Opinion filed December 20, 2023

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos. 23-CF-861     23-CF-971 |
| DEVON DAVIDSON, | ) ) | Honorable Patricia S. Fix, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices Schostok and Kennedy concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Devon Davidson, appeals from the denial of his pretrial release under recent amendments to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act or the Pretrial Fairness Act (Act). Defendant asserts that the State's petitions to deny his release were untimely and asks that we reinstate his monetary bond, which was set before the Act took effect. We affirm.

¶ 2                                   I. BACKGROUND

¶ 3    On May 2, 2023, defendant was charged by information with aggravated battery in Lake County case No. 23-CF-861. Defendant was involved in a car accident with another driver several months earlier at the intersection of Green Bay Road and Major Avenue in Beach Park. Defendant allegedly punched the other driver. The offense was charged as a felony because defendant caused great bodily harm and because it occurred on a public way. 720 ILCS 5/12-3.05(a)(1), (c) (West 2022). A warrant was issued for defendant's arrest. In addition, at the time of those charges, defendant was on parole for aggravated unlawful restraint. When defendant was charged in case No. 23-CF-861, the Department of Corrections placed a parole hold on him.

¶ 4    Defendant was taken into custody on May 16, 2023, and the events surrounding his arrest generated Lake County case No. 23-CF-971. The record indicates that, as police were attempting to arrest defendant in Zion, he used his vehicle to flee and struck an officer with his car. The authorities located defendant at a nearby motel in Waukegan, but he again fled in his vehicle, struck another car in traffic, and then fled on foot and was eventually captured. As a result, defendant was charged by information and then a superseding indictment with aggravated battery to a peace officer (720 ILCS 5/12-3.05(d)(4) (West 2022)), resisting arrest (*id.* § 31-1(a-7)), and aggravated assault with a vehicle (*id.* § 12-2(c)(7)).

¶ 5    At defendant's first appearance in case No. 23-CF-971, the circuit court (Hon. Theodore Potkonjak) set defendant's bond at $2.5 million, of which he would need to post 10%, and pretrial services recommended certain conditions if defendant were released. Defendant filed a motion to reduce his bond, which was denied in July 2023. He has remained in custody since his arrest.

¶ 6    The Act's amendments (Pub. Act 101-652, § 10-255 (eff. Jan. 1, 2023); Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023)) became effective when our supreme court lifted its stay on September 18, 2023. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 52; *People ex rel. Berlin v. Raoul*, No. 129249 (Ill.

Dec. 31, 2022) (supervisory order). On September 19, 2023, defendant filed, in both case Nos. 23-CF-861 and 23-CF-971, motions for a hearing on pretrial release with conditions under section 110-5(e) of the Act. See 725 ILCS 5/110-5(e) (West 2022). Two days later, the State filed a verified petition to deny release in each case, alleging that defendant posed a real and present threat to the community and that there was a high likelihood of defendant's willful flight to avoid prosecution. See 725 ILCS 5/110-6.1(a)(8) (West 2022).

¶ 7 The circuit court (Hon. Patricia Fix) conducted a hearing on defendant's motions and the State's petitions on September 21, 2023. At the hearing, the State indicated that it would be proceeding, by way of proffer, solely on the allegation of willful flight. The State then recited the circumstances of defendant's most recent arrest, noting that he *thrice* attempted to flee from the police in a vehicle and seriously injured both an officer and another driver during his series of failed escapes. The State then cited defendant's extensive criminal history and the fact that he was on parole, and it noted that during his most recent arrest defendant was also taken into custody on a warrant out of Racine County, Wisconsin, for bail jumping and theft.

¶ 8 The pretrial services report, which was before the circuit court, sheds a little more light on defendant's criminal history. In the Racine County cases, defendant faces 12 counts of misappropriating identification to obtain money, 5 counts of bail jumping, battery by a prisoner, and substantial battery with bodily harm. He has six documented failures to appear in those cases. As for defendant's criminal history in Illinois, he has six prior felony convictions, including aggravated driving under the influence and unlawful use of a weapon by a felon as well as the aforementioned aggravated unlawful restraint.

¶ 9 Defendant's counsel stated that he believed the Wisconsin cases could be resolved by a probation sentence, and he disputed whether defendant "understood that the people who were

stopping him with a firearm drawn were police officers acting in their official capacity." Counsel also suggested that "SCRAM would be a possible condition, as well as electronic home monitoring," confining him to a residence in Zion. (In the context of pretrial release, SCRAM refers to secure continuous remote alcohol monitoring. See *People v. Herrera*, 2023 IL App (1st) 231801, ¶ 13; Victor E. Flango and Fred L. Cheeseman, *Effectiveness of the Scram Alcohol Monitoring Device: A Preliminary Test*, 6 Drug Ct. Rev. 109 (2009).) Counsel noted that defendant had children who lived in the area and that there was evidence he was intoxicated when he fled from the police, so he might not have understood that the plainclothes officers were arresting him.

¶ 10    The circuit court found that "no combination of conditions" would be adequate and "that the defendant has a high likelihood of willful flight to avoid prosecution." The court ordered that defendant would be detained pretrial.

¶ 11    Defendant filed a *pro se* notice of appeal, and his attorney filed a second notice of appeal the same day. The court appointed the Office of the State Appellate Defender to represent defendant on appeal, and defendant and the State have each submitted memoranda for our review.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, defendant contends that the circuit court erred when it granted the State's petitions to deny his release, which defendant alleges the court had no authority to grant under the Act. Defendant further claims that his public defender was ineffective for failing to move to strike the State's petitions and asks that we order the circuit court to reset his monetary bond. We affirm.

¶ 14    As a threshold matter, we are compelled to note that defendant *never* raised an objection in the circuit court to the State's petitions. Defendant raises the issue now, as ineffective assistance of counsel, to evade forfeiture. Of course, " 'forfeiture is a limitation on the parties and not the reviewing court, and we may overlook forfeiture where necessary to obtain a just result or maintain

a sound body of precedent.' " *People v. Kurzeja*, 2023 IL App (3d) 230434, ¶ 9 (quoting *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65). Like the court in *Kurzeja*, we are inclined to relax forfeiture in this case, as it raises an important issue in the developing body of law under this new statutory regime.

¶ 15     As for our standard of review, some courts have found that a circuit court's pretrial release determination should not be reversed absent an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. Others have employed a bifurcated standard, in which the court's factual findings are reviewed under the manifest-weight-of-the-evidence standard and the court's ultimate findings are reviewed for an abuse of discretion. *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10. For our purposes, under either standard, the result in this case is the same. In addition, to the extent our consideration involves the Act's construction, our review is *de novo*. *Kurzeja*, 2023 IL App (3d) 230434, ¶ 10.

¶ 16     Defendant's primary argument suggests that it was error for the State to file the petitions to deny his pretrial release after he filed motions for a hearing under section 110-5. That was not error; it was consistent with the Act.

¶ 17     Section 110-7.5 (725 ILCS 5/110-7.5 (West 2022)) explains that persons arrested prior to the effective date of the Act—*i.e.*, prior to September 18, 2023—fall into one of three categories.

> "The first category consists of any person who was released subject to pretrial conditions prior to the effective date of the Act. *Id.* § 110-7.5(a). The second category consists of any person who remains in pretrial detention after being ordered released with pretrial conditions, *including the depositing of monetary security. Id.* § 110-7.5(b). The third category consists of any person who remains in pretrial detention and whose bond was previously set as 'no bail.' *Id.*" (Emphasis in original.) *People v. Lippert*, 2023 IL App

(5th) 230723, ¶ 9.

As in *Lippert*, defendant falls into the second category, and arrestees in the second category are faced with two options. They may either (1) "file a motion seeking a hearing to have their pretrial conditions reviewed anew" under the Act's amendments to the Code or they (2) "may elect to stay in detention until such time as the previously set monetary security may be paid" so that "they may be released under the terms of the original bail." *People v. Rios*, 2023 IL App (5th) 230724, ¶ 16 (citing 725 ILCS 5/110-5(e), 110-7.5(b) (West 2022)). "Some defendants may prefer this second option, which allows for the possibility of pretrial release if the previously set monetary security is posted, as opposed to requesting a hearing, pursuant to the first option, after which they might be detained without any possibility of pretrial release." *Id.* ¶ 17. "This is analogous to when a change in the sentencing law occurs after a defendant has committed the offense—the defendant is given the opportunity to choose to be sentenced under that law that existed at the time of the offense or the newly enacted law." *Id.* (citing *People v. Horrell*, 235 Ill. 2d 235, 242 (2009)).

Here, defendant filed a motion seeking to remove the monetary condition from his pretrial release, meaning he necessarily sought to "reopen" consideration of his conditions for release. See 725 ILCS 5/110-5(e), 110-7.5(b) (West 2022). That motion, in turn, triggered consideration of defendant's pretrial release conditions under the Code *as amended by the Act*, under which, on the State's petition, the court could deny defendant's release altogether. See *People v. Whitmore*, 2023 IL App (1st) 231807, ¶¶ 4-8; *Kurzeja*, 2023 IL App (3d) 230434, ¶¶ 8-15; *People v. Jones*, 2023 IL App (4th) 230837, ¶¶ 12-24; *cf. Rios*, 2023 IL App (5th) 230724, ¶ 12 (finding that the State's detention petition was untimely in the *absence* of a petition for pretrial release). Thus, as the relevant statutes indicate, the State's petition is a *responsive* pleading to defendant's motions. See 725 ILCS 5/110-6, 110-6.1 (West 2022). Here, contrary to defendant's argument, the State's

petition was appropriate.

¶ 18    Defendant also asserts that the circuit court was obliged to leave his monetary bond in place. We disagree. The Act now categorically "forbids the circuit court from reimposing monetary bond as a condition of pretrial release." *Lippert*, 2023 IL App (5th) 230723, ¶ 12 (citing 725 ILCS 5/110-1.5 (West 2022)). "The only way monetary security could remain as a condition of the defendant's pretrial release was if the defendant made the election to stand on the original terms of his bond, set before the effective date of the Act." *Id.* Defendant made the decision to seek reconsideration of his pretrial release under the Act, whereby the court could *either* order his release with nonmonetary conditions *or*, upon the State's petition, deny his release altogether. We cannot fault the circuit court for reaching a decision—in this case, detention—that was specifically authorized by the Act. Both the State's petition and the court's action on that petition were consistent with the statutory authority. Counsel therefore could not have been ineffective for not moving to strike the State's pleading.

¶ 19    Further, we reject defendant's argument that the circuit court abused its discretion in finding a likelihood of his willful flight. We note that defendant raised this issue in both his *pro se* and counsel's notice of appeal; he does not reference it in his optional memoranda in this court. See generally *People v. Martin*, 2023 IL App (4th) 230826, ¶ 19. Regardless, we find no error in the court's decision.

¶ 20    In the notices of appeal, defendant asserted that the State failed to present clear and convincing evidence that he "kn[e]w" he was fleeing from the police. We disagree. Although the State's evidence was entirely by way of proffer, the Act specifically accepts the nature and quality of such evidence at this early stage in a criminal case. See 725 ILCS 5/110-6.1(f)(2) (West 2022) ("The State or defendant may present evidence at the hearing by way of proffer based upon reliable

information."). The evidence indicated that when the police were attempting to arrest him defendant fled at least three times, during which he struck a police officer and injured a hapless driver. While the State's proffer could have been more fulsome, its offer of proof was nevertheless sufficient for the circuit court to make a reasoned decision on the likelihood of his willful flight—particularly in light of defendant's voluminous criminal history and prior missed court appearances. We also reject defendant's assertion that we should discount the State's proffer merely because defendant was not charged with the additional offense of fleeing and eluding. See generally 625 ILCS 5/11-204, 11-204.1 (West 2022). If the legislature intended that a bond court judge could find a likelihood of willful flight *only* in the limited circumstance when the defendant is charged with fleeing and eluding, it stands to reason that the General Assembly would have said so. Defendant has given us no persuasive reason to adopt his argument, and we decline to read such a limitation into the Act.

¶ 21                                    III. CONCLUSION

¶ 22     While the Act's amendments "abolished the *requirement* of the posting of monetary bail, it did not eliminate the *option* to post the previously ordered security." (Emphasis in original.) *Rios*, 2023 IL App (5th) 230724, ¶ 17. Defendant elected to forgo posting that security, however, and sought reconsideration of his pretrial release under the Code of Criminal Procedure as amended by the Act, which hazarded his detention upon the State's petition. That was defendant's choice. Further, we can find no error in the circuit court's willful-flight assessment, and therefore we defer to its exercise of discretion. Accordingly, the judgment of the circuit court of Lake County is hereby affirmed.

¶ 23     Affirmed.