2023 IL App (2d) 230346-U
No. 2-23-0346
Order filed December 22, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-1752 |
| CARLOS J. MORALES-VARGAS, | ) ) ) | Honorable Patricia S. Fix, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE KENNEDY delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

## ORDER

¶ 1   *Held*: The trial court erred in granting the State's untimely petition for denial of defendant's pretrial release. Vacated and remanded.

¶ 2   Defendant, Carlos J. Morales-Vargas, appeals an order granting the State's petition to detain him prior to trial pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] For the following reasons, we vacate the trial court's order and remand the cause.

_____

[1]On January 13, 2021, the Illinois General Assembly passed the Act, also referred to as

¶ 3                                    I. BACKGROUND

¶ 4      Between June 13, 2023, and August 29, 2023, defendant allegedly made a series of cocaine sales to undercover police officers resulting in the arrest of himself and codefendant on August 29, 2023. At the time of his arrest in this case defendant had been released on a personal recognizance bond on August 6, 2023, in People v. Morales-Vargas, 23-CF-1554 (Cir. Ct. Lake County) (date of offense August 5, 2023), where defendant was charged with, *inter alia*, unlawful possession of a controlled substance, a Class 4 felony (720 ILCS 570/402(c) (West 2022)).

¶ 5      On August 30, 2023, defendant's bond was set at 10% of $750,000. Defendant was unable to post bond and remained in detention throughout the underlying proceedings.

¶ 6      On September 18, 2023, the pretrial release provisions of the Act became effective. At no point in the underlying proceedings did defendant petition to be released from detention, or to modify the conditions of his release.

¶ 7      On September 20, 2023, a grand jury indicted defendant on four separate counts for (1) unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(2)(A) (West 2022)), a Class X felony, on August 29, 2023, (2) unlawful possession of a controlled substance (720 ILCS 570/401(a)(2)(A) (West 2022)), a Class 1 felony, on August 29, 2023, (3) unlawful delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 2022)), a Class 1 felony, on August 2, 2023, and (4) unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 2022)), a Class 2 felony, on June 13, 2023.

_____

the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act, and our supreme court has noted that neither of these commonly known names are official because "neither appears in the Illinois Compiled Statutes or public act." See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

¶ 8    On September 26, 2023, the State filed a verified petition to detain defendant pursuant to section 110-6.1(a)(1) of the Code. 725 ILCS 5/110-6.1(a)(1) (West 2022). The State's petition alleged that, on or about August 29, 2023, police officers executed an undercover narcotics operation, during which defendant and codefendant arrived at an agreed location to engage in a narcotics sale. The officers arrested defendant and codefendant and recovered cocaine from the vehicle. The State alleged that defendant posed a real and present threat to the community and that no set of pretrial conditions could mitigate or alleviate that threat.

¶ 9    The circuit court conducted a detention hearing on September 26, 2023. After considering the State's proffer, the exhibits, and the arguments of counsel, the trial court entered a written order of detention. The order stated that the trial court found by clear and convincing evidence that the proof was evident and the presumption great that defendant had committed an offense listed in 725 ILCS 5/110-6.1(a). The order also stated that "no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons for offenses listed in 725 ILCS 5/110-6.1(a)(1) through (7) OR the defendant's willful flight for offenses listed in 725 ILCS 5/110-6.1(a)(8)."

¶ 10    In addition to the written order, on the record, the trial court emphasized that the charged conduct related to three separate transactions which occurred on different dates, and that at the time of his arrest defendant was released on bond facing additional possession charges. The trial court stated that, "[P]eople with multiple police contact[s] ultimately become threats to the community. *** People who continue to disregard laws when released in the community while on bond or in general, ergo, eventually become threats to the community."

¶ 11    Defendant filed a timely notice of appeal challenging the detention order.

¶ 12                                II. ANALYSIS

¶ 13    On appeal, defendant argues that the Act does not allow the State to file a petition to deny release unless the petition is filed at the defendant's first appearance or upon the defendant's "arrest and release," citing section 110-6.1(c) of the Act. 725 ILCS 5/110-6.1(c) (West 2022). According to defendant, because the State did not file a petition to detain him at his first appearance on August 30, 2023, and he was never "arrested and released," as provided under the Act, the court erred when it heard and granted the State's petition. In addition, he argues that defense counsel was ineffective for failing to move to strike the State's untimely petition.

¶ 14    Regarding the merits of the State's verified petition to detain, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. In addition, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight. Finally, defendant argued that the circuit court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. The State responds that defendant neither challenged the timeliness of the State's verified petition to detain nor objected to the circuit court conducting a hearing on the State's petition. The State argues that because defendant failed to raise these issues below or in his notice of appeal, he has forfeited these contentions. In addition, the State contends that defendant's ineffective assistance of counsel claim is without merit.

¶ 15    It is well-established that, for a criminal defendant to preserve an issue for review on appeal, the defendant must object in the trial court. *People v. Jackson*, 2022 IL 127256, ¶ 15. An

objection is required because failure to do so deprives the circuit court of an opportunity to correct the error which wastes time and judicial resources. *Id*. Moreover, the forfeiture rule "prevents criminal defendants from sitting idly by and knowingly allowing an irregular proceeding to go forward only to seek reversal due to the error when the outcome of the proceeding is not favorable." *Id*. Here, because defendant failed to challenge the State's authority to file its verified petition to detain, he has forfeited this argument. *Id*. However, forfeiture is a limitation on the parties, and not the reviewing court. *People v. Custer*, 2019 IL 123339, ¶ 19. In light of the recent and significant changes to pretrial release proceedings, we will consider defendant's claims on the merits.

¶ 16    Defendant's argument involves an issue of statutory interpretation which we review *de novo*. The primary goal of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Ryan v. Board of Trustees of the General Assembly Retirement System*, 236 Ill. 2d 315, 319 (2010). The best indication of the legislature's intent is the plain language of the statute itself. *Id.* In determining the plain meaning of statutory language, the court looks to the statute as a whole, the subject it addresses, and the apparent intent of the legislature. *People v. Perry*, 224 Ill. 2d 312, 323 (2007). Where the statutory language is clear and unambiguous, it must be applied without resorting to additional tools of statutory interpretation. *Benzakry v. Patel*, 2017 IL App (3d) 160162, ¶ 74.

¶ 17    Under the plain language of subsection 110-6.1(c)(1) of the Code, the State may file a petition to detain either at the defendant's first appearance before a judge, or within 21 days after defendant's arrest and release. 725 ILCS 5/110-6.1(c)(1) (West 2022). An exception to the 21-day timing requirement exists under section 110-6 of the Code, which allows for the State (or the court on its own motion), to file a verified petition to revoke pretrial release in cases where the defendant

is charged with a felony or Class A misdemeanor while on pretrial release for a felony or Class A misdemeanor. 725 ILCS 5/110-6(a), 6.1(c)(1) (West 2022).

¶ 18    Here, the State's petition to detain was filed on September 26, 2023, after defendant's first appearance. Defendant had not been released from detention at the time the State's petition was filed. Moreover, defendant had not been charged with any new offense, which could have implicated section 110-6 of the Code. Thus, the State's petition to deny pretrial release was untimely, and the court did not have authority to detain defendant pursuant to the untimely petition. *People v. Rios*, 2023 IL App (5th) 230724, ¶ 12; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 18.[2] We therefore vacate the trial court's order for detention denying defendant's pretrial release.

¶ 19    While sections 110-6(a), and 6.1(c)(1) are not applicable to the circumstances in this case, section 110-7.5(b) provides that, "[o]n or after [the effective date], any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5." 725 ILCS 5/110-7.5 (West 2022). Such persons have two options available to them: (1) they may choose to remain in detention until they can satisfy the previously set conditions, such as by

---

[2]While defendant had not been charged with any new offenses following his arrest in the instant case, defendant was on pretrial release in People v. Morales-Vargas, 23-CF-1554 (Cir. Ct. Lake County) at the time of his arrest in the instant case. Because defendant was charged with felonies in both cases, a petition to revoke defendant's pretrial release brought by the State (or court on its own motion) pursuant to section 110-6 of the code would have been appropriate in People v. Morales-Vargas, 23-CF-1554 (Cir. Ct. Lake County). The record before us does not indicate whether such a petition was filed.

paying the bond, or (2) they may file a petition to "reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(e), 110-7.5(b) (West 2022); *Vingara*, 2023 IL App (5th) 230698, ¶ 22. Thus it is the defendant's option to petition the trial court, not the State's.

¶ 20　Accordingly, on remand, defendant may elect to stand on the terms of his original pretrial condition, which would require no action on his part, or he may file a motion for a hearing under section 110-5(e) of the Code. 725 ILCD 5/110-5(e) (West 2022). Because this resolution is dispositive of this appeal, we do not consider defendant's other claims of error.

¶ 21　　　　　　　　　　　　　　　III. CONCLUSION

¶ 22　For the foregoing reasons, the judgment of the circuit court of Lake County is vacated and the cause remanded.

¶ 23　Order vacated; cause remanded.