2024 IL App (2d) 230462-U
No. 2-23-0462
Order filed January 22, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22-CF-1440 |
| MCRED VALDERAMA, | ) ) ) | Honorable George D. Strickland, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE KENNEDY delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court erred in granting the State's untimely petition for denial of defendant's pretrial release. Vacated and remanded.

¶ 2    Defendant, Mcred Valderama, appeals an order granting the State's petition to detain him prior to trial pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] For the following reasons, we vacate the trial court's order and remand the cause.

_____

[1]On January 13, 2021, the Illinois General Assembly passed the Act, also referred to as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act, and our supreme court has noted that neither of these commonly known names are official because "neither appears in the

¶ 3 Defendant is charged by indictment with seven counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2022)), two counts of criminal sexual assault (*id.* § 11-1.20(a)(3)), and one count of aggravated criminal sexual abuse (*id.* § 11-1.60(b)) arising from alleged sexual acts involving a child family member.

¶ 4 Defendant was arrested on August 27, 2022. That same day, the trial court set bond at 10% of $10 million. On September 7, 2023, the State filed a verified petition to detain defendant pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). At that time defendant had not posted bond and remained in pretrial detention. On September 26, 2023, defendant filed a motion to strike the State's verified petition, arguing that the State's petition was untimely as defendant's first appearance was more than a year prior, he had not been released from pretrial detention, and he had not requested a hearing under section 110-5(e) of the Code (*id.* § 110-5(e)).

¶ 5 The trial court denied defendant's motion to strike, and a hearing was held on the State's petition on October 31, 2023. Following the hearing, the trial court entered an order to detain finding there was clear and convincing evidence that defendant had committed a detainable defense, that he posed a real and present threat to the safety of any person or persons or the community, and that "less restrictive conditions would not assure safety to the community."[2] Defendant timely appealed.

---

Illinois Compiled Statutes or public act." See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

[2]Although this observation is not part of our holding, we note that the Act specifically requires that the court summarize its reasons for denying pretrial release in writing, "*including why less restrictive conditions would not avoid a real and present threat* to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the

¶ 6    On appeal, defendant argues that because defendant had already been assigned pre-trial release conditions, namely $10 million bond, and remained in custody, the Act did not authorize the State to petition to detain defendant.

¶ 7    Defendant's argument involves an issue of statutory interpretation, which we review *de novo*. *People v. Shelton*, 2018 IL App (2d) 160303, ¶ 23. The primary goal of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Ryan v. Board of Trustees of the General Assembly Retirement System*, 236 Ill. 2d 315, 319 (2010). The best indication of the legislature's intent is the plain language of the statute itself. *Id.* In determining the plain meaning of statutory language, the court looks to the statute as a whole, the subject it addresses, and the apparent intent of the legislature. *People v. Perry*, 224 Ill. 2d 312, 323 (2007). Where the statutory language is clear and unambiguous, it must be applied without resorting to additional tools of statutory interpretation. *Benzakry v. Patel*, 2017 IL App (3d) 160162, ¶ 74.

¶ 8    Under the plain language of subsection 110-6.1(c)(1) of the Code, the State may file a petition to detain either at the defendant's first appearance before a judge, or within 21 days after defendant's arrest and release. 725 ILCS 5/110-6.1(c)(1) (West 2022).

---

defendant's willful flight from prosecution." (Emphasis added.) 725 ILCS 5/110-6.1(h)(1). We note that the form used for the court's Order for Detention does not track the language of the statute ("assure safety" versus "avoid a real and present threat to the safety"), nor does it contain any space for the court to list why such conditions would not avoid such a threat (nor does it allow for the selection of "person or persons" in addition to "the community," any or all of which may apply in a given case under the Act).

¶ 9　Here, the State's petition to detain was filed on September 7, 2023, long after defendant's first appearance. Defendant had not been released from detention at the time the State's petition was filed. Thus, the State's petition to deny pretrial release was untimely, the court did not have authority to detain defendant pursuant to the untimely petition, and the court erred in denying defendant's motion to strike. *People v. Rios*, 2023 IL App (5th) 230724, ¶ 12; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 18. We therefore vacate the trial court's order for detention denying defendant's pretrial release.

¶ 10　Defendant requests that we order the case remanded for the imposition of less restrictive conditions of release pursuant to section 110-5(e) of the Code. We deny that request.

¶ 11　Section 110-7.5(b) provides that, "[o]n or after [the effective date], any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5." 725 ILCS 5/110-7.5(b) (West 2022). Such persons have two options available to them: (1) they may choose to remain in detention until they can satisfy the previously set conditions, such as by paying the bond, or (2) they may file a petition to "reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Vingara*, 2023 IL App (5th) 230698, ¶ 22; 725 ILCS 5/110-5(e), 110-7.5(b) (West 2022).

¶ 12　Defendant's motion to strike indicates that defendant was aware that he could request a hearing under section 110-5(e) but chose not to do so. Accordingly, we merely vacate the trial court's judgment, which is of course without prejudice to defendant requesting a hearing pursuant to section 5/110-5(e) on remand. However, should defendant choose to request such a hearing, the

State would then be entitled to file a petition to deny pretrial release in response. *People v. Davidson*, 2023 IL App (2d) 230344, ¶ 18.

¶ 13 Because the resolution of this issue is dispositive of this appeal, we do not consider defendant's other claims of error regarding the merits of the trial court's order of detention.

¶ 14 For the foregoing reasons, the judgment of the circuit court of Lake County is vacated and the cause remanded.

¶ 15 Order vacated; cause remanded.