2024 IL App (2d) 230488-U
No. 2-23-0488
Order filed January 31, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-1025 |
| JOSEPH P. STEVENS, | ) ) | Honorable Cynthia D. Lamb, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:  State's petition to detain was untimely; detention order vacated and remanded.

¶ 2    In this interlocutory appeal under Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023),

defendant, Joseph P. Stevens, timely appeals the order of the circuit court of McHenry County

granting the State's petition to detain him pursuant to Public Acts 101-562 and 102-1104 (eff. Jan.

1, 2023), commonly known as the Pretrial Fairness Act (Act).[1]  We vacate the order and remand.

_____

[1]The Act has also been referred to as the Safety, Accountability, Fairness and Equity-Today

¶ 3    The record reflects that, on September 7, 2023, defendant was charged by misdemeanor complaint (case No. 23-DV-370) with two counts of domestic battery (720 ILCS 5/12-3.2(a)(1), (2) (West 2022)).  The complaint alleged that, around noon that same day, defendant caused bodily harm to, and made physical contact of an insulting or provoking nature with, Jennifer Ballou, a family or household member, when he grabbed Ballou around her body with his hands causing bruising on both biceps, as well as her left rib cage area, and when he grabbed her by the neck and threw her to the ground.  On September 7, 2023, defendant was also arrested.

¶ 4    On September 8, 2023, at an initial appearance, defendant's bond was set at $7000, and the court imposed non-monetary release conditions of a permanent no-contact order with Ballou and a surrender of firearms.  It appears that defendant did not post bail.  In addition, the record does not reflect that defendant ever petitioned to be released from detention or to modify the conditions of his release.

¶ 5    Almost two months later, on November 2, 2023, a grand jury indicted defendant for the events that were the subject of the misdemeanor complaint (case No. 23-CF-1025).  The indictment still included two counts of domestic battery (for grabbing and striking Ballou and throwing her to the ground) but charged them as class 4 felonies and added that, in 2018, defendant had been convicted of domestic battery in Arkansas.  Further, the indictment added two counts of aggravated domestic battery for strangling Ballou by applying pressure to her neck or throat and impeding her breathing (class 2 felonies) (720 ILCS 5/12-3.2(a)(1), 3.3(a-5) (West 2022)).  A court order, dated November 2, 2023, provided that "any and all pretrial release conditions and previously posted

_____

(SAFE-T) Act.  Neither name is official, as neither appears in the Illinois Compiled Statutes or public acts.

bonds relevant to 23DV370, DOMESTIC BATTERY /BODILY HARM shall be transferred to the above captioned cause."

¶ 6    On November 4, 2023, the State petitioned the court to detain defendant pursuant to section 110-6.1(a)(1) of the Code of Criminal Procedure of 1963 (Code), as amended by the Act. 725 ILCS 5/110-6.1(a)(1) (West 2022).  That same day, the court held a hearing and entered a written order of detention, finding by clear and convincing evidence that the proof was evident and the presumption great that defendant had committed a detainable offense and that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or the community.

¶ 7    On November 7, 2023, defendant filed his notice of appeal, using the form notice promulgated under Illinois Supreme Court Rule 606(d) (eff. Oct. 19, 2023).  On January 11, 2024, defendant submitted a declination letter, notifying the court that he would not be submitting a Rule 604(h) memorandum.  On January 18, 2024, the State submitted its memorandum opposing defendant's appeal.

¶ 8    In his notice of appeal, defendant requests that we reverse the order of detention and allow his release on conditions.  With respect to grounds for relief, defendant on three occasions simply checked a box, without elaborating upon his reasons for alleging error.  However, with respect to his allegation that the State failed to meet its burden of establishing by clear and convincing evidence that no condition or combination of conditions could mitigate the threat of harm to any person or the community, based upon the specific, articulable facts of the case, defendant elaborated:

"Defendant was arrested on 23 CV 370 an[d] released with conditions including a permanent no contact order with the complaining witness; sur[r]ender of any firearms; and

monetary bail of $7000.00. Defendant was unable to meet the monetary requirement of his release. The State indicted the case with the same facts, and then sought detention. No conditions changed from his release with conditions to the time the State sought, and the Court ordered, defendant[']s detention."

In addition, the notice of appeal contains a section to address conditions of pretrial release, and, in the "other" subsection, defendant elaborated:

"[d]efendant was held in custody since September 8, 2023. The State sought detention November 4, 2023. The State did not file its Petition to Detain within 21 days of defendant's first appearance in court as required by 725 ILCS 5/110-6.1."

¶ 9      Defendant's argument involves an issue of statutory interpretation, which we review *de novo*. *People v. Shelton*, 2018 IL App (2d) 160303, ¶ 23. Under the plain language of subsection 110-6.1(c)(1) of the Code, the State may file a petition to detain either at the defendant's first appearance before a judge, or within 21 days after the defendant's arrest and release. 725 ILCS 5/110-6.1(c)(1) (West 2022). An exception to the 21-day timing requirement exists under section 110-6 of the Code, which allows for the State (or the court on its own motion) to file a verified petition to revoke pretrial release in cases where the defendant is charged with a felony or Class A misdemeanor while on pretrial release for a felony or Class A misdemeanor. *Id.* §§ 6(a), 6.1(c)(1) (West 2022).

¶ 10     Here, defendant is correct that the State's petition was untimely. Specifically, the petition was filed on November 4, 2023, after defendant's first appearance on September 8, 2023, and also more than 21 days after the effective date of the Act (September 18, 2023). The record does not reflect that defendant had been released from detention at the time the State's petition was filed. Nor had defendant been charged with any new offense while on pretrial release, which could have

implicated section 110-6 of the Code. See, *e.g.*, *People v. Morales-Vargas*, 2023 IL App (2d) 230346-U, ¶ 18. Moreover, defendant never petitioned to be released from detention or to modify the conditions of his release, whereupon the State, in response, would have been entitled to respond with a petition to detain. See, *e.g.*, *People v. Davidson*, 2023 IL App (2d) 230344, ¶ 18. Thus, because the State's petition to deny pretrial release was untimely, the court did not have authority to detain defendant pursuant to the untimely petition. *People v. Rios*, 2023 IL App (5th) 230724, ¶ 12; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 18; *People v. Valderama*, 2024 IL App (2d) 230462-U, ¶ 9. We note that the State does not, in its memorandum, address defendant's arguments about his date of arrest, the initial conditions of release, or the timeliness of its petition to detain (in fact, the State's memorandum never mentions the original misdemeanor complaint or the release conditions, or defendant's argument in the "other" subsection of the notice of appeal).

¶ 11 We vacate the trial court's detention order. However, we do not, as defendant mentioned in his request for relief, "allow release on conditions." Defendant never moved to reconsider the conditions of his release, and it is not clear whether he intends to do so or whether his request merely refers to the original order of release with pretrial conditions. In any event, as defendant remained in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, he has two options: (1) he may choose to remain in detention until he can satisfy the previously set conditions, such as by paying the bond, or (2) he may file a petition to "reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Vingara*, 2023 IL App (5th) 230698, ¶ 22; 725 ILCS 5/110-5(e), 110-7.5(b) (West 2022).

Again, if defendant elects to seek a section 110-5 hearing, the State would then be entitled to file, in response, a petition to deny pretrial release. *Davidson*, 2023 IL App (2d) 230344, ¶ 18.

¶ 12　　For the foregoing reasons, the judgment of the circuit court of McHenry County is vacated and the cause remanded.

¶ 13　　Order vacated; cause remanded.