2024 IL App (2d) 230489
No. 2-23-0489
Opinion filed April 22, 2024

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Lake County |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 23-CF-507 |
| | ) | |
| JARELLE BROWN, | ) | Honorable |
| | ) | Daniel B. Shanes, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices Schostok and Mullen concurred in the judgment with opinion.

**OPINION**

¶ 1 Defendant, Jarelle Brown, appeals from the circuit court's order detaining him prior to trial as a danger to the community. See 725 ILCS 5/110-6.1(a) (West 2022). He contends that the circuit court's written order memorializing its findings was insufficient and that there was insufficient evidence of his dangerousness or the appropriateness of less-restrictive conditions. We affirm.

¶ 2                              I. BACKGROUND

¶ 3 The evidence, of course, is only preliminary at this stage. On October 29, 2022, authorities were summoned to the scene of a traffic accident at the intersection of Green Bay Road and Atlantic Avenue in Waukegan. There, they discovered that a vehicle driven by defendant had rammed into the side of a small car carrying four family members. As a result of the crash, 29-

year-old Cecilia Gutierrez-Ramos and her 8-month-old son, Angel Gutierrez, lost their lives. Two other passengers, a seven-year-old boy and a male driver, were also seriously injured. Defendant was issued traffic citations and released pending further investigation.

¶ 4    Investigators later determined that defendant was driving at 79 miles per hour just before the crash. A toxicology report determined that defendant had an illegal concentration of at least five nanograms of tetrahydrocannabinol (THC) in his blood within two hours of driving. On March 15, 2023, the State charged defendant with two counts of aggravated driving under the influence (DUI) (death) (625 ILCS 5/11-501(a)(7), (d)(1)(F) (West 2022)), two counts of aggravated DUI (cannabis) (*id.* § 11-501(a)(4)), and two counts of reckless homicide (720 ILCS 5/9-3(a) (West 2022)). The court issued a warrant for defendant's arrest.

¶ 5    On August 23, 2023, defendant was arrested in Racine County, Wisconsin, for misdemeanor "resisting/obstructing an officer" and possession of cocaine. Defendant was extradited to Illinois and taken into custody on this case on September 22, 2023. That same day, defendant had his first court appearance and the State filed a verified petition to deny his pretrial release. The circuit court (Honorable Theodore S. Potkonjak) entered an initial order detaining defendant prior to trial; however, that order was not appealed and a transcript of that hearing was not provided in the record.

¶ 6    On October 5, 2023, the circuit court (Honorable Daniel B. Shanes) entered an order for detention. That order, too, was not appealed, and no transcript has been provided.

¶ 7    On November 13, 2023, the parties returned to court and defendant renewed his request for pretrial release with conditions. The State indicated that it would stand on its petition to deny release. The circuit court noted that there had been prior release hearings but that it would limit its consideration of defendant's request to the evidence provided at the hearing that day. See *People*

*v. Davidson*, 2023 IL App (2d) 230344, ¶ 18 (noting that a request for pretrial release seeks to "reopen" consideration of release conditions or the appropriateness of detention); 725 ILCS 5/110-5(f-5) (West 2022).

¶ 8    As part of the State's evidence, a pretrial services report was presented and it shows that defendant has some criminal history. In 2012, defendant failed to appear on a retail theft charge; a warrant was issued and defendant ultimately pled guilty and received supervision. In 2013, judgment was entered on a bond forfeiture for possession of cannabis, and, in 2016, judgment was entered on a bond forfeiture for violation of an order of protection.

¶ 9    At the hearing, defense counsel submitted letters from defendant's fiancée and mother, both of whom are in poor health. Counsel also stated that defendant runs a car repair service out of the garage of his house in Waukegan, and the State conceded that it was possible defendant did not know about the arrest warrant in this case until he was arrested in Kenosha. Defense counsel asked the court to impose electronic home monitoring and drug and alcohol restrictions.

¶ 10    The State countered that defendant was a danger to the community, as he was responsible for the deaths of a mother and her eight-month-old child. The State further asserted that defendant was instructed there would be additional charges when he was initially released after the traffic accident and that he had come into custody only because of illegal drug possession in Wisconsin.

¶ 11    The circuit court found the State's argument persuasive. The court noted that, while it was sensitive to defendant's family members' health concerns, "that alone is not a reason for a court to find whether detention or release is appropriate." The court continued:

"Part of what I'm also significantly concerned about not so much that you didn't surrender yourself on the warrant because I don't know if you even knew about it, but that the way the warrant got served was for [an] alleged criminal offense and [an] alleged

criminal offense in another jurisdiction on top of it not to mention alleged possession of controlled substances.

That of course relates to the nature and circumstances of this offense."

The court further explained that certain types of monitoring would not show defendant's present location, but only his location history, which the court believed would be insufficient. Defendant stated that he could remain at home and take care of his family, and the court responded:

"There's some good reasons for you to be at home. The law doesn't let me just focus on that. The law makes me look at the entire picture here and at least for now the entire picture warrants detention. So, that's the ruling for now."

¶ 12 The court then entered a written order, in which it checked off a single box to indicate its combined findings:

☐ The defendant is charged with an offense set forth in 725 ILCS 5/110-6.1(a)(6), specifically _____ AND the defendant poses a real and present threat to the safety of any person or persons or the community, based on specific articulable facts of the case. (see 725 ILCS 5/110-6.1(a)(6)).

☒ The defendant is charged with an offense set forth in 725 ILCS 5/110-6.1(a)(6.5), specifically Aggravated DUI-Death _____ AND the defendant poses a real and present threat to the safety of any person or persons or the community, based on specific articulable facts of the case. (see 725 ILCS 5/110-6.1(a)(6.5)).

☐ The defendant is charged with an attempt to commit any charge listed in 725 ILCS 5/110-6.1(a)(7), specifically _____ AND the defendant poses a real and present threat to the safety of any person or persons or the community, based on specific articulable facts of the case. (see 725 ILCS 5/110-6.1(a)(7)).

☐ That pursuant to 725 ILCS 5/110-6.1(a)(8), the defendant has a high likelihood of willful flight to avoid prosecution and:
    ☐ is charged with any felony listed in 720 ILCS 5/110-6.1(a)(1) through (7) OR
    ☐ a felony offense other that a Class 4 offense

5. That the proof is evident or the presumption great that the defendant has committed an offense listed in 725 ILCS 5/110-6.1(a).

6. That no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons for offenses listed in 725 ILCS 5/110-6.1(a)(1) through (7) OR the defendant's willful flight for offenses listed in 725 ILCS 5/110-6.1(a)(8).

7. That less restrictive conditions would not assure safety to the community.

8. That the defendants next court date is 01/08/2024 _____ at 9am ____ in 612 ____ for:
☐ arraignment ☐ preliminary hearing ☒ case management conference ☐ other: _____

**IT IS HEREBY ORDERED** that the defendant is committed to the custody of the Lake County Jail pending trial.

After entering this order, the court admonished defendant of his appeal rights and defendant filed a detailed notice of appeal.

¶ 13                                    II. ANALYSIS

¶ 14    The parties have filed supplemental memoranda before this court, which we have considered. See *People v. Rollins*, 2024 IL App (2d) 230372, ¶ 22 (citing *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶ 42). In his memorandum, defendant contends that the circuit court erred by ordering his pretrial detention "without making sufficient written findings" and that his pretrial detention is unwarranted. We disagree with both contentions.

¶ 15    We review the circuit court's findings under the manifest-weight-of-the-evidence standard and the court's ultimate decision on pretrial release for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. To the extent defendant raises an issue of statutory construction, our review is *de novo*. *Davidson*, 2023 IL App (2d) 230344, ¶ 15.

¶ 16    Although defendant failed to raise any challenge to the circuit court's written order before that court, we will nevertheless consider it here, as forfeiture is a limitation on the parties and not the reviewing court. *Id.* ¶ 14. According to defendant, the circuit court's written order is flawed because it contains "no individual details or findings." We disagree. To comply with the amendments to the Code of Criminal Procedure of 1963 governing pretrial detention, which were enacted by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the "Pretrial Fairness Act," the court's written order need only "summariz[e] the court's reasons for concluding that the defendant should be denied pretrial release." 725 ILCS 5/110-6.1(h)(1) (West 2022). As we recently held in *People v. Andino-Acosta*, 2024 IL App (2d) 230463, ¶ 15, however, our review of pretrial orders necessarily allows for the "[circuit] court's written findings" to "be[ ] supplemented

by its oral pronouncements." We note that, although defendant disagrees with the circuit court's conclusions, he does *not* assert that the circuit court's *oral* findings were insufficient.

¶ 17     When we consider the circuit court's oral findings alongside its written order, we are satisfied that its judgment was reasonable and must be affirmed. We note that we have not been provided transcripts of defendant's prior pretrial hearings, which might have given us additional context, and that the circuit court judge, who did not hear the case initially, stated that he would limit his consideration to the evidence presented at the November 13 hearing. Here, as the circuit court found, the proof was evident that defendant had committed detainable offenses, which resulted in tragic loss of life, and defendant knew the night of the accident, well before he was charged with a felony, that his actions caused the death of two people and injured two more. Moreover, defendant's speed that night—in a residential area, with passengers in his own vehicle—is simply inexplicable. Then, warrant or no, defendant continued to engage in substance-abusing behavior. We agree with the circuit court that defendant poses a real and present threat to the community and that no less restrictive conditions would protect the community from the danger he poses. See 725 ILCS 5/110-6(a) (West 2022). The record shows that the circuit court considered less-restrictive pretrial conditions but found them inadequate, as they could not altogether prevent defendant from drinking, abusing controlled substances, or driving while in the community. We presume the circuit court knows, follows, and applies the law unless the record affirmatively rebuts that presumption. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 14. This record does not rebut that presumption. Therefore, we determine that the court's specific, articulated findings were not against the manifest weight of the evidence and that the court did not abuse its discretion in denying defendant's pretrial release.

¶ 18     Finally, we agree with the State that the circuit court's written order, while it could have

been more fulsome, was nevertheless sufficient to comply with the statutory authority (see 725 ILCS 5/110-6.1(h)(1) (West 2022))—but again, that is only when the written order is read in conjunction with the oral pronouncement. See *Andino-Acosta*, 2024 IL App (2d) 230463, ¶¶ 15-20; see also *In re B'yata I.*, 2013 IL App (2d) 130558, ¶¶ 30-40 (holding that circuit court's failure to set forth a written or oral factual basis for its findings endangers the parties' rights and prevents this court from conducting a meaningful review).

¶ 19    We note that there is a statewide form notice of appeal for pretrial release appeals, but not one for pretrial release or detention orders. See Ill. S. Ct. R. 606(d) (eff. Dec. 7, 2023); Ill. S. Ct. Rs. Art. VI Forms Appendix R. 606(d). This has resulted, in our experience, in counties each employing their own form orders, which vary considerably. Some counties use a form order that leaves blank space with lines for individualized findings, while others do not, which erroneously suggests that such findings are not required. In addition, the preprinted form in this case fails to include space for any notations to indicate its specific findings regarding the sufficiency of the proofs, dangerousness, risk of willful flight, and the inadequacy of pretrial release conditions. While these deficiencies are not entirely unique to the form used in the Nineteenth Judicial Circuit, we are compelled to note that they have played a role in several recent cases in which defects in the written order could have been outcome determinative had the case not been resolved on other grounds. See, *e.g.*, *Andino-Acosta*, 2024 IL App (2d) 230463; *People v. Valderama*, 2024 IL App (2d) 230462-U; *People v. Morales-Vargas*, 2023 IL App (2d) 230346-U.

¶ 20    In the future, we encourage, whenever possible, the use of a written order with typed specific findings, as handwriting legibility varies greatly as well. Doing so will ensure that the reviewability of pretrial orders does not hinge on the vicissitudes of securing a verbatim transcript and will greatly help expedite our review.

¶ 21                                    III. CONCLUSION

¶ 22    For the reasons stated, we determine that the circuit court did not abuse its discretion, and its findings were not against the manifest weight of the evidence, in denying defendant pretrial release. We therefore affirm the judgment of the circuit court of Lake County.

¶ 23    Affirmed.

*People v. Brown*, 2024 IL App (2d) 230489

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 23-CF-507; the Hon. Daniel B. Shanes, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Elizabeth M. Crotty, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |