2024 IL App (1st) 240388-U

No. 1-24-0388B

Order filed July 3, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CR 1255201 |
| | ) | |
| ISMAIL A. ATEYAT, | ) | Honorable |
| | ) | Paul S. Pavlus, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices Hyman and Tailor specially concurred.

**ORDER**

¶ 1    *Held*: The trial court's conclusion that defendant posed a real threat to the safety of persons and the community based on the specific facts of the case and that there was no conditions or combination of conditions could mitigate the threat was not against the manifest weight of the evidence.

¶ 2    Defendant Ismail Ateyat appeals from orders of the trial court which confined him to pretrial detention under Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023)) pursuant to what

is commonly known as the Pretrial Fairness Act.[1] The trial court entered an initial detention order for defendant on November 3, 2023, and continue to enter detention orders for defendant on several other dates during the pendency of pretrial proceedings: November 30, 2023, December 6, 2023, December 13, 2023, January 18, 2024, and February 13, 2024. Defendant was charged with three counts of armed robbery with a firearm. The trial court granted the State's petition to detain defendant because he posed a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case, and denied defendant pretrial release. Defendant filed a timely notice of appeal on February 22, 2024, and a Rule 604(h) memorandum. For the reasons that follow we affirm and remand with directions.

¶ 3                                    BACKGROUND

¶ 4      The State presented the following evidence during the several hearings on its Petitions for Detention as follows: On October 31, 2023, defendant, entered Rivers Casino in Des Plaines, Illinois, where he was a known regular, while armed with a gun. He was dressed in all black. When he entered the casino, he presented his identification before he pointed the gun at a dealer and took $14,000 worth of casino chips. As he fled the casino, he encountered two security officers and pointed the gun at each of them before fleeing. Defendant's actions were captured on surveillance video from the casino. Video showed defendant entering the parking lot prior to the robbery in a Nissan with its license plates attached; after the robbery, footage of the same vehicle showed that it was parked near the door in an area reserved for taxis and the license plates had been removed. The police subsequently located defendant and the Nissan and recovered the chips from his home

---

[1] In 2021, the General Assembly passed two separate acts that "dismantled and rebuilt Illinois's statutory framework for the pretrial release of criminal defendants." *Rowe v. Raoul*, 2023 IL 129248, ¶4 (discussing Pub. Act 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023) (amending 725 ILCS 5/art. 110) (the Pretrial Fairness Act) and Pub. Act 102-1104 (eff. Jan. 1, 2023) (the Follow-Up Act).

in Chicago Ridge, where he was arrested. The State argued that the video footage supported the inference that defendant scoped out the casino before committing the armed robbery.

¶ 5     In mitigation, defense counsel argued that defendant was 23 years old, a United States citizen, was not a drug user, had no prior criminal history, and both his mother and girlfriend resided in the Chicago area so he was not a flight risk. Additionally, defendant formed a digital marketing company and volunteered for two different community organizations. Defendant's scored a one on the scale for both the risk of new criminal activity and failure to appear. He initially sought pretrial release but amended his request several times for electronic home monitoring.

¶ 6     The State argued that despite defendant's low scores on the risk scale, pretrial services recommended the maximum conditions if defendant were released as this offense was a forcible felony. The State also argued that defendant posed a real and present threat to people and the community based on the circumstances of the offense itself in that he pulled a gun on three people in the middle of the afternoon, threatened the safety of the casino employees, security officers and the general public when he committed the armed robbery before fleeing the casino. The State maintained that electronic home monitoring was insufficient because defendant pointed a firearm at people and took property.

¶ 7     The trial court acknowledged the mitigating evidence presented by defense counsel, but indicated that it was uncomfortable allowing defendant to sit at home with a bracelet on because of the uncertainty of defendant's future acts. The court noted that defendant walked into a public place, threatened the dealer, security officers and the public with a gun. The trial court concluded that the circumstances of the case showed that there was no condition or combination of conditions to mitigate the real and present threat of an individual who walks into public places armed with a

firearm and threatens numerous individuals. The court maintained this conclusion and detained defendant despite several motions filed by the defense seeking defendant's release on electronic home monitoring.

¶ 8    After the trial court entered the fifth pretrial detention order for defendant on February 13, 2024, defendant filed this timely notice of appeal on February 20, 2024.

¶ 9                                                    ANALYSIS

¶ 10    On appeal, defendant contends that he is not a real and present threat to the safety of any person or the community based on the articulable facts of the case and the State only made a conclusory statement that no condition or combination of conditions could mitigate the threat. He argues that the State's bare allegations that he committed a violent offense is insufficient to establish this element. Defendant seeks pretrial release with electronic monitoring and to reside with his mother as a condition of pretrial release. While defendant's memorandum does not specifically state that he is challenging the trial court's findings, we will treat his request for reversal of the trial court's decision as such. The State filed a memorandum that restated the arguments it made in the trial court.

¶ 11    Pretrial release is governed by Article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq* (West 2022)). Under the Code, all persons charged with an offense are eligible for pretrial release before conviction. 725 ILCS 5/110-2(a) (West 2022).

¶ 12    Pursuant to the Code, a defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2022). Upon the State's filing of a verified petition requesting denial of pretrial release, the State has the burden of proving by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a

qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-2; 5/110-6.1(a)(1.5), (4), (8) (West 2022).

¶ 13     At all pretrial hearings, the prosecution has the burden of proving by clear and convincing evidence that any condition of release is necessary. 725 ILCS 5/110-2(b) (West 2022). In any order for detention, the court shall make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(h)(1) (West 2022). Section 110-1(f) defines willful flight as "intentional conduct with a purpose to thwart the judicial process to avoid prosecution; isolated instances of nonappearance in court alone are not evidence of the risk of willful flight; and reoccurrence and patterns of intentional conduct to evade prosecution and affirmative steps to communicate or remedy any missed court date can be considered. 725 ILCS 5/110-1(f) (West 2022).

¶ 14     Our standard of review of pretrial release determinations is twofold. A circuit court's finding that the State presented clear and convincing evidence that mandatory conditions of release would fail to protect any person or the community, and/or that the defendant had a high likelihood of willful flight to avoid prosecution, or that the defendant failed to comply with previous conditions of pretrial release thereby requiring a modification or revocation of the previously

issued conditions of pretrial release, will not be reversed unless those findings are against the manifest weight of the evidence. *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill.2d 322, 332 (2008). Under this standard, we give deference to the trial court as the finder of fact as it is in the best position to observe the conduct and demeanor of the witnesses." *Deleon*, 227 Ill. 2d at 332.

¶ 15    The trial court's ultimate pretrial release determination will not be reversed unless the determination was an abuse of discretion. *People v. Johnson*, 2023 IL App (5th) 230714, ¶ 13; *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. "An abuse of discretion occurs where the circuit court's decision is arbitrary, unreasonable, or fanciful or where no reasonable person would have taken the position adopted by the circuit court." *People v. Heineman*, 2023 IL 127854, ¶ 59. It is clear that under the Code, the trial court could either order defendant's release with conditions, or upon the State's petition, deny his release altogether. *People v. Davidson*, 2023 IL App (2d) 230344, ¶ 19.

¶ 16    We find that the trial court's determination that the State proved by clear and convincing evidence that defendant posed a real threat to the safety of persons and the community based on the specific articulable facts of the case and that there were no conditions or combinations of conditions that could mitigate the threat posed by defendant was not against the manifest weight of the evidence. As noted above, the State presented evidence that defendant, a known patron of the Rivers Casino, walked into the casino at 3 p.m. with a firearm, threatened a dealer with the gun before stealing $14,000 of casino chips, then threatened two security officers with the gun before

fleeing the casino with the chips. The State argued that this suggested a planned robbery of the casino, and that he put the employees and patrons at risk. The trial court agreed, finding that defendant put members of the public at risk when he entered a public place and committed the offense. The court noted his lack of background but also indicated that electronic home monitoring would be insufficient under the circumstances. On the facts of this case, we cannot say that the such finding was against the manifest weight of the evidence and further that the trial court's decision regarding defendant's pretrial detention was not against the manifest weight of the evidence. We therefore reject defendant's challenge to his pretrial detention.

¶ 17    For the foregoing reasons, we find that the trial court's verbal order was not an abuse of discretion. However, the purpose of the statute in requiring a written order with findings "in any order for detention" was ultimately to streamline the review process for appellate courts and all participants, and this requirement of the Code should not be overlooked. 725 ILCS 5/110-6.1(h) (West 2022). To ensure that it is not, we admonish the trial court to enter, in the future, written orders with its written findings.

¶ 18                              CONCLUSION

¶ 19    The judgment of the circuit court of Cook County is affirmed.

¶ 20    Affirmed.

¶ 21    JUSTICE HYMAN and JUSTICE TAILOR, specially concurring:

¶ 22    I agree with affirming the trial court's denial of Ateyat's motion seeking pretrial release. I disagree, however, with the criticism expressed in the second and third sentences of ¶ 17, which admonishes the trial court. The Code does not require a written summary at every subsequent appearance. 725 ILCS 5/110-6.1(i-5) (West 2022). The majority plucks a single dependent clause,

"in any order of detention," from an irrelevant subsection (§ 110-10(h) to apply in all "written orders with written findings." *Supra* ¶ 17. This interpretation is ill-advised.

¶ 23    Subsection (h) deals with the trial court's duties when *initially* ordering a defendant detained. Thus, under subsection (h), the trial court must make a summary of its factual findings supporting the detention order (§ 110-10(h)(1)) and lay out the necessary next steps, like directing the sheriff to take custody of a defendant (*id.* § 110-10(h)(2)) and delivering him or her to court for future appearances (*id.* § 110-10(h)(4)). See *id.* § 110-10(a)-(h) (describing process when State seeks pretrial detention).

¶ 24    In contrast, the relevant portion of the Code in this hearing, subsection (i-5), requires the trial court to make a finding about the necessity of *continued* detention, without specifying the manner. "At each subsequent appearance of the defendant before the court, the judge must find that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." *Id.* § 110-10(i-5). The trial court satisfied the Code's requirements by verbally stating its reasons for denying Ateyat's motion for pretrial release.

¶ 25    Simply put, "subsequent determinations are not subject to every statutory requirement that applies to initial detention hearings." *People v. Harris*, 2024 IL App (2d) 240070, ¶ 37. And while some judges may exercise their discretion to enter a written summary at subsequent appearances, others may not. The point is this: The Code offers no basis for the majority's admonishment.